```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                    :
NUCORP, LTD.
                                    :

     v.                             :   Civil Action No. DKC 12-0089

                                    :
JOHN DOE 1
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for review is the motion to quash or vacate order filed by Defendant John Doe 1. (ECF No. 12). The issues have been briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I.   Background**

Plaintiff Nucorp, Ltd., originally filed this action on January 10, 2012, for copyright infringement against eight John Doe Defendants. Plaintiff has filed applications to register the copyrights to ten movies ("the Works"). The eight Doe Defendants were alleged illegally to have downloaded and/or uploaded the Works using an internet protocol called BitTorrent. They were identified in the complaint only by their internet protocol ("IP") address. On January 13, 2012, the court issued an order allowing Plaintiff to serve subpoenas on the internet service providers ("ISPs") listed in an exhibit to the complaint

to obtain the "names, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses" of the Doe Defendants. (ECF No. 5). On March 12, 2012, John Doe 1 filed the present motion to quash or vacate order. (ECF No. 12). Plaintiff opposed the motion on March 29, 2012. (ECF No. 15). John Doe 1 did not reply.

On May 7, 2012, the court severed all Doe Defendants except John Doe 1 from the case. (ECF No. 19). The severance order quashed any subpoenas served upon the ISPs as to all Doe Defendants except John Doe 1. Thus, John Doe 1's motion is still ripe for review.

**II. Analysis**

John Doe 1 essentially advances two arguments for quashing the subpoena that was served on his ISP by Plaintiff.[1] Neither argument compels granting his motion.

    **A.   Denial of Liability**

John Doe 1's primary argument for quashing the subpoena is that he could not have committed the copyright infringement for various reasons. No matter what reason is given for why John

---

[1] John Doe also asserts that Plaintiff cannot maintain this suit because "NUCORP, INC. was a corporation formed in Maryland on January 20, 1997, but . . . its charter . . . has been forfeited." (ECF No. 15, at 3). John Doe appears to describe a different entity, however, as Plaintiff here is Nucorp, *Ltd.*, which, according to the complaint, is organized under the laws of Dominica (ECF No. 1 ¶ 8).

Doe 1 could not have been an infringer, however, "[i]t is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 256 (N.D.Ill. 2011) (collecting cases). As one court explained:

> It may be true that the putative defendants who filed motions and letters denying that they engaged in the alleged conduct did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of their assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses in this case. In other words, if these putative defendants are named as defendants in this case, they may deny allegations that they used BitTorrent to download and distribute illegally the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against them. A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information. That would deny the plaintiff access to the information critical to bringing these individuals properly into the lawsuit to address the merits of both the plaintiff's claim and their defenses.

*Voltage Pictures, LLC v. Does 1-5,000*, 818 F.Supp.2d 28, 35 (D.D.C. 2011). Consequently, the motion to quash will be denied on this ground.

**B.   Privilege**

John Doe also argues that his "records with Comcast concerning [his] account are private and privileged." (ECF No. 15, at 3). He does not, however, provide any basis for that proposition. As Judge Motz recently noted when addressing the same argument in a similar case:

> [C]ourts have consistently held that Internet subscribers do not have a protected privacy interest in their subscriber information — including names, addresses, phone numbers, and e-mail address — which they have already conveyed to their ISPs. *First Time Videos, LLC v. Does 1-18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D.Ind. Sept. 13, 2011); *Achte/Neunte [v. Boll Kino Beteiligungs GMBH & Co.]*, 736 F.Supp.2d [212,] 216 (D.D.C. 2010) (collecting cases, including *U.S. v. Kennedy*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000)). Consequently, because defendants have already shared their personal identifying information with their ISPs, they have no reasonable expectation of privacy in this same information now subpoenaed by plaintiffs. Nor can it be said that this information is privileged as defendants claim it to be.

*Cinetel Films, Inc. v. Does 1-1,052*, --- F.Supp.2d ---, 2012 WL 1142272, at *9 (D.Md. Apr. 4, 2012) (internal footnotes omitted). Thus, the motion to quash will be denied on this ground as well.

**III. Conclusion**

For the foregoing reasons, the motion quash or vacate order filed by Defendant John Doe 1 will be denied.  A separate order will follow.

```
                           /s/
             DEBORAH K. CHASANOW
             United States District Judge
```